Case 4:22-cv-02162   Document 19   Filed on 04/24/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LARRY D. FORD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:22-CV-2162** |
| | § | |
| **AMERICAN HOMES 4 RENT,** | § | |
| *et al.*, | § | |
| | § | |
| **Defendant.** | | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] are Plaintiff's Motion to Proceed *In Forma Pauperis*, Motion for Leave to File an Amended Complaint, and Motion for Default Judgement. (Dkt. Nos. 7, 12, 16.) Based on a thorough review of the issues and relevant law, the Court **RECOMMENDS** the Motions be **DENIED** and Plaintiff's complaint be **DISMISSED WITH PREJUDICE.** The Court further **RECOMMENDS** that Plaintiff be declared a vexatious litigant.

### I. BACKGROUND

In *Ford v. Camillo Properties*, No. CV H-21-3115, 2022 WL 799749, at *1 (S.D. Tex. Mar. 16, 2022), a case with an identical complaint to the complaint in this action, Judge Rosenthal summarized Larry F. Ford's ("Plaintiff") allegations as follows:

> [Plaintiff], representing himself, sued the defendants because the subdivision where he and his wife own a home has rental properties owned by Camillo Properties. [Plainitff] alleges that he and his wife wanted to spend their retirement in a subdivision with single family homeowners, but instead are surrounded by rental properties that have brought violence to the neighborhood. [Plaintiff] sued the

---

[1] The District Court referred the motion to the undersigned on March 20, 2023. (Dkt. No. 15.)

> defendants for violations of the Fair Housing Act, the Civil Rights Act of 1964, the Elder Justice Act, and various state laws.

Plaintiff filed this lawsuit on June 6, 2022, in this Court. (Dkt. No. 1.) On July 11, 2022, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). (Dkt. No. 7.) On January 3, 2023, he then filed a Motion for Leave to File an Amended Complaint. (Dkt. No. 12.) Finally, on April 3, 2023, he filed a Motion for Default Judgment. (Dkt. No. 16.) Because Plaintiff's claim is frivolous, these motions should be denied and this case should be dismissed.

## II.   DISCUSSION

### A. Plaintiff's Claim should be Dismissed *Sua Sponte*.

"The ability to proceed IFP is not without limitation." *Bell v. Cnty. of Galveston*, No. 3:15-CV-0209, 2015 WL 13016010, at *1 (S.D. Tex. Aug. 7, 2015), *aff'd*, 628 F. App'x 295 (5th Cir. 2016). "A court must—at any time—dismiss any IFP action that is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief." *Id.* (citing 28 U.S.C. § 1915(e)(2)(b)). "Pursuant to § 1915(e)(2)(B), a claim is frivolous when it lacks an arguable basis either in law or in fact." *Kempton v. J.C. Penney's Co.*, No. MC C-13-121, 2013 WL 1869995, at *1 (S.D. Tex. Apr. 18, 2013), *report and recommendation adopted sub nom. Kempton v. JC Penney's Co.*, No. 2:13-MC-00121, 2013 WL 1932668 (May 7, 2013) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Claims lack this arguable basis when they are "fanciful," "delusional," or "based on an indisputably meritless legal theory." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).

"*Pro se* complaints are liberally construed in favor of the plaintiff, but district courts are given broad discretion in determining when such complaints are frivolous." *Martinez v. Wells*, No. 3:15-CV-261, 2016 WL 1702596, at *1 (S.D. Tex. Apr. 28, 2016) (citing *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994)). However, in IFP actions, the Court

has "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" and "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32 (citations omitted). "Accordingly, the Court *sua sponte* addresses whether [Plaintiff]'s suit should be dismissed under 28 U.S.C. § 1915(e)(2)(B)." *Bell*, 2015 WL 13016010, at *1.

This Court has already determined that Plaintiff's claims are based on indisputably meritless legal theories. "In *Ford v. Blackstone Grp. Inc.*, No. 4:19-CV-4422, 2020 WL 5587307, at *1 (S.D. Tex. June 8, 2020), Judge Hanen dismissed [Plaintiff]'s claims against Blackstone based on the same facts as those in [the complaint currently before this Court.]" *Ford*, 2022 WL 799749, at *1. Judge Hanen found that "the amended complaint [was] factually and legally insufficient." *Ford*, 2020 WL 5587307, at *5 (S.D. Tex. June 8, 2020). He further found that "[as pleaded, there was no reason to believe that [Plaintiff] could ever succeed on his claims" and that "based on the record" [Blackstone] was not subject to personal jurisdiction in Texas." *Id.* In her analysis of an identical complaint to the one considered in this action, Judge Rosenthal held that it "suffer[ed] from the same inadequacies that Judge Hanen identified." *Ford*, 2022 WL 799749, at *1.

Further, Plaintiff ignored this Court's direct order to cease submitting "frivolous filings" by filing yet another motion for default judgment in this case. *Id.* at *2 ("Because his motions for default judgment and his misrepresented "settlement agreements" are frivolous filings, Mr. Ford is ordered to stop filing similar motions for default judgment and so called settlement agreements in this court."). Additionally, Plaintiff's history of frivolous lawsuits also calls for dismissal. Plaintiff has filed in this Court multiple times, appealed to the 5th Circuit, and filed at "least five

additional lawsuits in Texas state court against the same defendants, based on the same facts." *See Ford*, 2022 WL 799749, at *1; *see also Valdez v. Comm'r of Soc. Sec.*, No. CIV.A. H-09-0595, 2009 WL 562888, at *1 (S.D. Tex. Mar. 4, 2009) (denying an IFP application and ordering dismissal "because the plaintiff ha[d] a history of filing frivolous complaints"). Thus, this Court recommends that Plaintiff's suit should be dismissed.

### B. Plaintiff Should not be Granted Leave to Amend.

Rule 15 directs courts to "freely give leave [to amend the pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2); *see Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). It is within the sound discretion of the court to deny leave to amend when, for example, amendment would be futile or when a party fails to submit a proposed pleading or explain how he or she can cure any defects. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003). However, "district courts should not dismiss *pro se* complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011). This is true even when a *pro se* plaintiff fails to explain the proposed amendment or request leave to amend. *See Ramirez v. United States*, No. 01-CV-717, 2003 WL 22123463, at *2 (N.D. Tex. Mar. 6, 2003).

Plaintiff has already been given numerous opportunities to plead his case in both state and federal court and cure his pleading deficiencies. Further leave to amend "would be futile and cause needless delay." *Grant v. Texas State Att'y Gen. Open Gov't Recs. & Consumer Prot. Div.*, No. 5-21-CV-00761-FB-RBF, 2021 WL 8055684, at *5 (W.D. Tex. Nov. 16, 2021) (dismissing IFP case and denying leave to amend where plaintiff's "claims ha[d] already been litigated and the vast majority [were] legally infirm"), *report and recommendation adopted*, No. SA-21-CV-761-FB,

2021 WL 8055678 (W.D. Tex. Dec. 30, 2021). Thus, this Court recommends that Plaintiff not be granted leave to amend.

### C. Pre-Filing Injunction.

"No one, rich or poor, is entitled to abuse the judicial process. Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. 1981) (internal citation omitted). "While the legal system serves many functions, it is not a vehicle for harassing actions at the expense of others." *Mustapha v. HSBC Bank, USA*, No. 4:12-CV-01924, 2013 WL 632856, at *7 (S.D. Tex. Feb. 20, 2013). "[F]ederal courts [] have the inherent power to impose sanctions against vexatious litigants." *Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002). "This includes the authority to enjoin parties, including *pro se* litigants, from making vexatious filings with the court." *Zawislak v. Mem'l Herman Health Sys.*, No. CV H:21-3098, 2022 WL 4358097, at *1 (S.D. Tex. Sept. 19, 2022) (italicization added).

Accordingly, based on Plaintiff's history of frivolous filings and blatant disregard of Judge Rosenthal's order, this Court further recommends that Plaintiff be deemed a vexatious litigant and that a pre-filing order is appropriate. *See Hurt v. Encinia*, No. CIV.A. H-15-2602, 2015 WL 6674820, at *3 (S.D. Tex. Oct. 30, 2015).

### III.   CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion to Proceed *In Forma Pauperis*, Motion for Leave to File an Amended Complaint, and Motion for Default Judgement (Dkt. Nos. 7, 12, 16) be **DENIED** and Plaintiff's case be **DISMISSED WITH PREJUDICE.** The Court further **RECOMMENDS** that Plaintiff be declared a vexatious litigant.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED i**n Houston, Texas on April 24, 2023.

Sam S. Sheldon
United States Magistrate Judge